UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



FILED IN OPEN COURT
1-08-08
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CASE NO. 3:07-cr-331-J-25TEM |
| GWENDA F. GREEN | : |

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, GWENDA F. GREEN, and the attorney for the defendant, Mr. Rodney Gregory, Esq., mutually agree as follows:

A.  **Particularized Terms**

   1.  Count(s) Pleading To

   The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with knowingly and willfully stealing and coverting to her own use, monies and other things of value of the United States and a department and agency of thereof, of a value in excess of $1000.00, in violation of 18 U.S.C. § 641.

   2.  Maximum Penalties

   Count One carries a maximum sentence of 10 years imprisonment, a fine of $250,000, a term of supervised release of not more than 3 years, and a special assessment of $50 per felony count for offenses committed prior to April 24, 1996, $100 per felony count thereafter; for organizations the amounts are "$200" and "$400"

Defendant's Initials _____                                    AF Approval _____

respectively, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: That the money or property described in the information belonged to the United States or a department or agency thereof;

Second: That the Defendant stole or converted such money or property to her own use or to the use of another;

Third: That the Defendant did so knowingly and willfully with intent to deprive the owner of the use or benefit of the money or property so taken; and

Fourth: That the money or property had a value in excess of $1000.00.

4. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

Defendant's Initials _qy_     2

5. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. **Mandatory Restitution to Victim of Offense of Conviction**

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make restitution to Navy Exchange Command in the amount of $3827.06.

7. **Guidelines Sentence**

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8. **Adjusted Offense Level - Estimate Only**

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States, based on the information now available to it, estimates that the defendant's adjusted offense level is ~~10,~~ 8 *(CPH)* *(66)* as determined below:

Defendant's Initials _99_    3

| Guideline | Description | |
|---|---|---|
| § 2B1.1 | Base Offense | 6 |
| § 2B1.1(b)(8)(B) | Specific Offense Characteristics | 4 |
| § 3E1.1(a) | Acceptance of Responsibility | <u><2></u> |
| | | |
| Total Adjusted Offense Level | | <u>8</u> |

The defendant understands that this estimate is not binding on the court or the United States, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

    9.    <u>Acceptance of Responsibility - Two Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

**B.**    <u>**Standard Terms and Conditions**</u>

    1.    <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the

Defendant's Initials _____          4

offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to

Defendant's Initials _____    5

make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the

Defendant's Initials _CM_      6

right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. Defendant's Waiver of Right to Appeal and Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials ___

7

7. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record,

Defendant's Initials _ga_

8

and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

10. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

Defendant's Initials _____

9

DATED this 3rd day of January, 2008.

|  |  |
|---|---|
| *signature* | ROBERT E. O'NEILL<br>United States Attorney |
| GWENDA F. GREEN<br>Defendant | By: *signature* CPH<br>CLAY HAHS<br>Special Assistant United States Attorney |
| *signature* p.ob<br>RODNEY GREGORY<br>Attorney for Defendant | *signature*<br>RONALD T. HENRY<br>Assistant United States Attorney<br>Deputy Chief, Criminal Division |

Defendant's Initials _gg_          10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:07-cr-331-J-25TEM

GWENDA F. GREEN

_____

## PERSONALIZATION OF ELEMENTS

1. Do you admit that the money or property described in the information belonged to the United States or to a department or agency thereof, namely the Navy Exchange Command?

2. Do you admit that, from on or about December 2002 to on or about July 2007, onboard Naval Station Mayport and Naval Air Station Jacksonville Florida, in Duval County, in the Middle District of Florida, you stole or converted such money or property to your own use or to the use of another?

3. Do you admit that you did so knowingly and willfully with intent to deprive the Navy Exchange Command of the use or benefit of the money or property so taken?

4. Do you admit that the money or property had a value in excess of $1000.00?

Defendant's Initials           11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:07-cr-331-J-25TEM

GWENDA F. GREEN

_____

## FACTUAL BASIS

Gwenda F. GREEN wrote thirty-two (32) checks to the Navy Exchanges at Naval Air Station Jacksonville and Naval Station Mayport between December 2002 and July 2007. All 32 checks were returned to the Navy Exchange Command due to the check being drawn on a closed account or on an account with insufficient funds on deposit to cover the amount of the check. Additionally, when GREEN tendered the checks, she gave variations of her name and variations of her Social Security Number. In return for each check, she received miscellaneous items of merchandise from the Navy Exchange, including clothing, food, beverages, and cash. Periodically throughout the time period alleged, Navy Exchange Command notified GREEN of the fact that her checks had not been paid and requested that she rectify the situation.

On numerous occasions between the time periods alleged, GREEN applied for bank accounts with State Farm Bank using various names, such as G. Faye Scott and GF Greene. She also provided different drivers license numbers with similar dates of birth with each application. Although none of the accounts were opened, GREEN used the information obtained during the application process to order checks from a third party vendor, some of which were subsequently tendered to the Navy Exchanges.

Defendant's Initials _____

Sometime on or before the beginning of 2003, Navy Exchange Command submitted the debt to the U.S. Department of Treasury and thereafter requested offset of the debt under the Treasury Offset Program (TOP) with any monies owed to the Debtor by the Federal Government, including tax refunds.[1] On or about June 11, 2003, Navy Exchange Command received a total offset in the amount of $728.70.

On April 16, 2003, GREEN filed for bankruptcy, which required any offsets to be refunded pending the outcome of the proceedings by virtue of the automatic stay provisions. However, five weeks after the offset amount was returned, GREEN's bankruptcy petition was dismissed for failure to pay fees. (Case No. 3:03-bk-03856-JAF).[2] Navy Exchange Command attempted to obtain offsets via the TOP three more times between November 2003 and May 2005. Each time, the same process was repeated, with GREEN filing for bankruptcy and having her petition dismissed shortly after receiving a refund of the offset money.

On July 14, 2005, GREEN's eleventh bankruptcy petition was dismissed *with prejudice* and an ordered issued lifting all stays. (Case No. 3:05-bk-05272-JAF). Since that date, Navy Exchange Command has received approximately $689.10 via the TOP. The total value of merchandise taken by GREEN from the Navy Exchange Command for which no offset amount has been applied is $3827.06.

---

[1] It is noted that GREEN had previously written eighteen other checks prior to December 2002 to the Navy Exchange which accounts for the debt being submitted to the U.S. Dept. of Treasury on or before the beginning of 2003.

[2] This was GREEN's sixth bankruptcy filing since 1998 in the Middle District of Florida. Four of the first five were also dismissed for various reasons such as failure to pay filing fees or failing to file required documents.

Defendant's Initials 

2

RECEIVED
U.S. ATTORNEY
2008 JAN -3 P 3: 42